**United States District Court**
For the Northern District of California

1
2
3
4
5                              UNITED STATES DISTRICT COURT
6                              NORTHERN DISTRICT OF CALIFORNIA
7
8    MICHAEL L. CORNER,                          No. C-12-4172 EMC
9              Plaintiff,
10        v.                                      **ORDER GRANTING DEFENDANT'S
                                                  MOTION FOR JUDGMENT ON THE
11   PARAGON SYSTEMS, INC.,                        PLEADINGS**
12             Defendant.                         **(Docket No. 12)**
     _____/
13
14
15        Plaintiff Michael L. Corner has filed suit against Defendants Paragon Systems, Inc. and
16   Armando Benitez, alleging that he was subjected to racial discrimination and harassment while
17   working at Paragon as a private security guard.  Currently pending before the Court is Paragon's
18   motion for judgment on the pleadings.  In its motion, Paragon basically argues that the cause of
19   action pled by Mr. Corner should be dismissed because it alleges a violation of a criminal statute and
20   there is no private right of action for a violation of that statute.  Mr. Corner failed to file an
21   opposition to the motion.
22        The Court finds this matter suitable for disposition without oral argument and **VACATES**
23   the hearing set for November 2, 2012.  For the reasons discussed below, the Court **GRANTS**
24   Paragon's motion but gives Mr. Corner leave to amend.
25                  I.    **FACTUAL & PROCEDURAL BACKGROUND**
26        In his complaint, Mr. Corner alleges as follows.
27        Mr. Corner is a Caucasian man.  *See* Compl. at 4.  Starting in January 2010, Mr. Corner
28   worked for Paragon's predecessor and then for Paragon itself.  *See* Compl. at 4.  While working at

**United States District Court**
For the Northern District of California

the companies, Mr. Corner was harassed and treated unfairly by Mr. Benitez, who appears to have been a supervisor.  For example, on March 2, 2012, Mr. Benitez wrote up Mr. Corner for not properly logging his hours.  *See* Compl., Ex. B (report).  Four days later, Mr. Benitez wrote up Mr. Corner for failing to wear his tie.  *See* Compl., Ex. C (report).  According to Mr. Corner, Mr. Benitez took adverse actions against him because Mr. Benitez is Latino and has "a long history of harassing non-Latino employees."  Compl. at 4.  Mr. Corner maintains that Mr. Benitez has never written up any of the Latino employees for alleged misconduct.  *See* Compl. at 5.

As to Paragon, Mr. Corner seems to allege that it supported the harassment and discrimination by Mr. Benitez.  *See* Compl. at 4.  Mr. Corner also seems to suggest that Mr. Benitez and Paragon conspired to terminate his employment and that his ultimate termination of employment (in April 2010) was a pretext.  *See* Compl. at 7.  The termination letter from Paragon indicates that Mr. Corner was terminated because "a company-conducted investigation corroborated a complaint of dishonesty and violation of company policy filed against you."  Compl., Ex. D (letter, dated April 10, 2012).  The alleged dishonesty seems to refer to a purported misrepresentation by Mr. Corner that he was a federal agent while visiting a gun shop.  *See* Compl., Ex. D (letter, dated March 23, 2012).

Based on the above allegations, Mr. Corner has asserted a violation of 18 U.S.C. § 242 alone.

## II.   DISCUSSION

A.   Legal Standard

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." Fed. R. Civ. P. 12(c).  A Rule 12(c) motion is "'functionally identical'" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies.  *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).  That is, a court considers "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief."  *Id.* at 1054; *see also Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (stating that, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)).

///

B.     18 U.S.C. § 242

In his complaint, the only cause of action formally identified by Mr. Corner is a violation of

18 U.S.C. § 242.  Section 242 provides in relevant part as follows:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . . .

18 U.S.C. § 242.

As is clear from the face of the statute, it is a criminal statute.  Furthermore, the Ninth Circuit

has expressly held that § 242 is a criminal statute that "do[es] not give rise to civil liability."  *Allen*

*v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *see also  Robinson v. Overseas*

*Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (stating that § 242 is a criminal statute that

does not give rise to a private cause of action).  Therefore, Paragon is correct in arguing that Mr.

Corner's claim predicated on § 242 should be dismissed.

C.     Amendment

The only issue remaining is whether the Court is, at this point, required to enter a *judgment*

against Mr. Corner because Paragon moved for dismissal pursuant to Rule 12(c) rather than

12(b)(6).  Courts in this District have typically held that a court has "'discretion to grant leave to

amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant

judgment.'"  *Pixion, Inc. v. Citrix Sys., Inc.*, No. C 09-03496 SI, 2012 U.S. Dist. LEXIS 30924, at

*10 (N.D. Cal. Mar. 8, 2012); *see also In re Dynamic Random Access Memory Antitrust Litig.*, 516

F. Supp. 2d 1072, 1084 (N.D. Cal. 2007) (noting that "Rule 12(c) does not mention leave to amend;

however, courts generally have discretion in granting 12(c) motions with leave to amend,

particularly in cases where the motion is based on a pleading technicality").

Accordingly, the Court grants Paragon's motion but gives Mr. Corner leave to amend as

there are other laws that protect against racial discrimination in employment.

*United States District Court*
For the Northern District of California

1   ///

2   ### III.   CONCLUSION

3   For the foregoing reasons, the Court grants Paragon's motion but, instead of issuing a

4   judgment, the Court dismisses the claim and gives Mr. Corner leave to amend.  Mr. Corner has sixty

5   (60) days from the date of this order to file an amended complaint.  Mr. Corner is forewarned that, if

6   he fails to file an amended complaint, then the Court shall dismiss Paragon from the case, with

7   prejudice.

8   Mr. Corner is advised that he may seek advice from the Legal Help Center.  For Mr. Corner's

9   benefit, the Court has appended to this order a flyer containing information about the Legal Help

10  Center.  A copy of the Handbook for Litigants Without a Lawyer is available at the Clerk's Office

11  and on the Court's website – http://cand.uscourts.gov and more specifically,

12  http://cand.uscourts.gov/proselitigants.

13  Because the Court is giving Mr. Corner an opportunity it amend, it hereby **VACATES** the

14  case management conference set for November 2, 2012.  The case management conference shall

15  now be set for March 7, 2013 at 9:00 a.m.  The parties should file a joint case management

16  conference statement one week prior to the conference.

17  This order disposes of Docket No. 12.

18

19  IT IS SO ORDERED.

20

21  Dated:  October 22, 2012

22  _____

23  EDWARD M. CHEN
    United States District Judge

24

25

26

27

28

4

**United States District Court**
For the Northern District of California

1

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

2

3

4   MICHAEL L CORNER,

Case Number: CV12-04172 EMC

Plaintiff,

5   **CERTIFICATE OF SERVICE**

v.

6

7   PARAGON SYSTEMS INC et al,

Defendant.

8   _____/

9

10   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

11   That on October 22, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

12

13

14   Michael L. Corner
1331 Jefferson Avenue, #308
Redwood City,  CA 94062

15

16   Dated: October 22, 2012

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

17

18

19

20

21

22

23

24

25

26

27

28